**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NANO MAGIC, INC., a Michigan corporation,

Plaintiff,

vs.

THE HILSINGER COMPANY PARENT, LLC d/b/a HILCO VISION, a Massachusetts limited liability company,

Defendant.

Case No. 2:26-cv-12212
Hon. Terrence G. Berg
Magistrate Anthony P. Patti

---

**HILCO VISION'S MOTION**
**TO DISMISS NANO MAGIC'S COMPLAINT UNDER**
**FRCP 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**

For the reasons explained in the accompanying Brief, Defendant The Hilsinger Company Parent, LLC d/b/a Hilco Vision ("Hilco Vision"), by and through its attorneys, Honigman LLP, moves this Court for an Order dismissing Plaintiff Nano Magic, Inc.'s ("Nano Magic") Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

In accordance with E. D. Mich. L.R. 7.1(a), on September 3, 2026, there was a conference between counsel for Hilco Vision and counsel for Nano Magic on the Motion in which counsel for Hilco Vision explained the nature of the Motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Hilco Vision requests that the Court dismiss Nano Magic's Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(2) and award Hilco Vision its costs, attorney fees, and all other relief the Court determines to be appropriate.

Respectfully submitted,

HONIGMAN LLP

By: */s/ Jewel Haji Boelstler*
Jewel Haji Boelstler (P83741)
Jonathan H. Schwartz (P70819)
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7668
jboelstler@honigman.com
jonathan.schwartz@honigman.com

September 4, 2026

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NANO MAGIC, INC., a Michigan corporation,

Plaintiff,

vs.

THE HILSINGER COMPANY PARENT, LLC d/b/a HILCO VISION, a Massachusetts limited liability company,

Defendant.

Case No. 2:26-cv-12212
Hon. Terrence G. Berg
Magistrate Anthony P. Patti

---

**HILCO VISION'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS NANO MAGIC'S COMPLAINT UNDER <u>FRCP 12(B)(2) FOR LACK OF PERSONAL JURISDICTION</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

CONCISE STATEMENT OF ISSUES PRESENTED ........ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........ v

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 3

III. LEGAL STANDARD ........ 5

IV. ARGUMENT ........ 6

A. Hilco Vision Is Not Subject to General Jurisdiction in Michigan ........ 7

*1. Michigan's General Jurisdiction Long-Arm Statute* ........ 7

*2. Due Process Precludes General Jurisdiction* ........ 8

B. Hilco Vision Is Not Subject to Specific Jurisdiction in Michigan ........ 9

*1. Michigan's Specific Jurisdiction Long-Arm Statute* ........ 9

*2. Due Process Precludes Specific Jurisdiction* ........ 10

a. Hilco Vision Did Not Purposefully Avail Itself in Michigan ........ 11

b. The Causes of Action Do Not Arise From Hilco Vision's Activities in Michigan ........ 13

c. There Is no Substantial Connection to Make the Exercise of Jurisdiction Reasonable ........ 15

V. CONCLUSION ........ 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*BNSF Ry. Co. v. Tyrrell*,
581 U.S. 402 (2017)....................8

*Calphalon Corp. v. Rowlette*,
228 F.3d 718 (6th Cir. 2000)....................13

*Carbone v. Kaal*,
140 F.4th 805 (6th Cir. 2025)....................5

*LAK, Inc. v. Deer Creek Enters.*,
885 F.2d 1293 (6th Cir. 1989)....................*passim*

*Magna Powertrain De Mexico S.A. De C.V. v. Momentive Performance Materials USA LLC*,
192 F. Supp. 3d 824 (E.D. Mich. 2016)....................7

*McGill Tech. Ltd. v. Gourmet Techs., Inc.*,
300 F. Supp. 2d 501 (E.D. Mich. 2004)....................6

*Navajo Transitional Energy Co. v. First Nat'l Cap., LLC*,
No. 2:23-CV-12200-TGB-CI, PageID.149 (E.D. Mich. Jul. 2, 2024)....................6, 7, 13

*Orleans Int'l Inc. v. Alterna Cap. Sols.*,
615 F. Supp. 3d 641 (E.D. Mich. 2022)....................*passim*

*Serras v. First Tenn. Bank Nat'l Assoc.*,
875 F.2d 1212 (6th Cir. 1989)....................1

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)....................6

**STATUTES**

MCL § 600.711....................1, 7

MCL § 600.715....................2, 10

MCL § 600.715; ..........5

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(2) ..........5, 7, 17

## CONCISE STATEMENT OF ISSUES PRESENTED

I. Whether Nano Magic's claims against Hilco Vision should be dismissed for lack of personal jurisdiction, where Hilco Vision is not subject to general personal jurisdiction in Michigan.

Hilco Vision answers: Yes.

II. Whether Nano Magic's claims against Hilco Vision should be dismissed for lack of personal jurisdiction, where Hilco Vision is not subject to specific personal jurisdiction in Michigan.

Hilco Vision answers: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Issue I:** Whether Nano Magic's claims against Hilco Vision should be dismissed for lack of personal jurisdiction, where Hilco Vision is not subject to general personal jurisdiction in Michigan.

Federal Rule of Civil Procedure 12(b)(2)

MCL § 600.711

*BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017)

*Orleans Int'l Inc. v. Alterna Cap. Sols.*, 615 F. Supp. 3d 641 (E.D. Mich. 2022)

**Issue II:** Whether Nano Magic's claims against Hilco Vision should be dismissed for lack of personal jurisdiction, where Hilco Vision is not subject to specific personal jurisdiction in Michigan.

Federal Rule of Civil Procedure 12(b)(2)

MCL § 600.715

*Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000)

*LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293 (6th Cir. 1989)

*Navajo Transitional Energy Co. v. First Nat'l Cap., LLC*, No. 2:23-CV-12200-TGB-CI (E.D. Mich. Jul. 2, 2024)

*Orleans Int'l Inc. v. Alterna Cap. Sols.*, 615 F. Supp. 3d 641 (E.D. Mich. 2022)

# I. INTRODUCTION

Nano Magic's Complaint rests on conclusory jurisdictional allegations untethered to any meaningful Michigan contacts by Hilco Vision. Nano Magic bears the burden of establishing a case for personal jurisdiction and it cannot do so here. The exercise of personal jurisdiction must be authorized by Michigan law and in accordance with due process. Neither general jurisdiction nor specific jurisdiction exists here.

***First***, there is no evidence that Hilco Vision's operations fall into the exceptional case that would render it at home in Michigan. Michigan's general jurisdiction long-arm statute would require formation in Michigan, consent to jurisdiction here, or the carrying on of a continuous and systematic part of its general business within the state. *See* MCL § 600.711. These requirements are not met. Hilco Vision was formed in Delaware and has its principal place of business in Massachusetts. *See* **Exhibit A**, Affidavit of John Lakey at ¶ 3. Hilco Vision did not consent to the jurisdiction of Michigan in the Letter of Intent (the "LOI") with Nano Magic. *Id.* at ¶ 5. Hilco Vision has not used Michigan as its primary place of business, has no offices in Michigan, and has zero employees in Michigan. *Id.* at ¶¶ 4, 7-8. Even if the long-arm statute extended to Hilco Vision, which it does not, due process would preclude general jurisdiction in this case. Put simply, Hilco Vision is

not at home in Michigan. Hilco Vision entirely lacks the substantial connections to Michigan it would need to be subject to general jurisdiction in this forum.

***Second***, Nano Magic cannot show that Hilco Vision is subject to specific jurisdiction in Michigan. Under the specific jurisdiction long-arm statute, certain relationships might create a sufficient basis of jurisdiction in Michigan. *See* MCL § 600.715. But none of those relationships exist here. Hilco Vision has not: (1) transacted business in Michigan with Nano Magic; (2) caused an act to be done or consequences to occur in Michigan resulting in an action for tort; (3) owned, used, or possessed any real or tangible personal property in Michigan; (4) insured any person, property, or risk in Michigan; or (5) entered into a contract with Nano Magic for services to be rendered or for materials to be furnished in Michigan. **Ex. A** at ¶¶ 9-13.

The due process analysis for specific jurisdiction yields the same result. For specific jurisdiction to apply, Nano Magic would need to show that: (1) Hilco Vision purposefully availed itself in Michigan; (2) the causes of action arise from Hilco Vision's activities here; and (3) Hilco Vision's actions created a substantial enough connection to make the exercise of jurisdiction reasonable. *See Orleans Int'l Inc. v. Alterna Cap. Sols.*, 615 F. Supp. 3d 641, 646 (E.D. Mich. 2022). Hilco Vision did not reach into Michigan and purposefully avail itself here. Nano Magic reached out (unsolicited and outside of Michigan) to Hilco Vision about a potential business

relationship. **Ex. A** at ¶ 15. After entering the LOI with Nano Magic, Hilco Vision did not perform any activities under the LOI in Michigan. *Id.* at ¶ 21. The LOI contemplates an actual agreement that was never entered into. *Id.* at ¶ 25. Nano Magic's own performance in Michigan cannot create contacts for Hilco Vision in Michigan. The LOI is governed by Massachusetts law and was signed outside of Michigan. *Id.* at ¶¶ 18-19, 23. The alleged breach in this case—the termination letter—originated from Massachusetts. *Id.* at ¶ 25. Litigating in Michigan would create a substantial burden for Hilco Vision. While any one of the due process prongs for specific jurisdiction could be an independent failure, here, all three fail.

Because neither general nor specific jurisdiction can be established over Hilco Vision in this case, Nano Magic's Complaint should be dismissed in its entirety.

## II. FACTUAL BACKGROUND

Nano Magic and Hilco Vision operate in the optical and retail industries for lens cleaning and anti-fog solutions. *See* ECF No. 1, PageID.2. In January 2024, Nano Magic initiated discussions with Hilco Vision at a Vision Council Executive Summit in Naples, Florida to pitch the idea of Hilco Vision acquiring or manufacturing for Nano Magic. *See* **Ex. A** at ¶ 15. Nano Magic and Hilco Vision entered the LOI on March 13, 2026. ECF No. 1-2, PageID.24-27; **Ex. A** at ¶ 17.

Nano Magic immediately took actions following the execution of the LOI which were troubling and incompatible with the framework outlined in the LOI. ECF

No. 1-3, PageID.29-31. For example, Nano Magic prematurely, and without authority, distributed notices to customers regarding the transition to Hilco Vision. *Id.* at PageID.30. These communications generated customer confusion and affected Hilco Vision's existing customer relationships. *Id.* Nano Magic also made misrepresentations to Dollar General which cast Hilco Vision in a bad light and undermined future opportunities with Dollar General. *Id.* Given this conduct, on March 31, 2026, Hilco Vision terminated the LOI. ECF No. 1-3, PageID.29; **Ex. A** at ¶ 25. The parties never entered into a definitive agreement post-LOI. *Id.*

Nano Magic claims that Hilco Vision breached the LOI by terminating without six months' written notice and depriving Nano Magic of royalties and performance, and in the alternative, asserts claims for promissory estoppel and unjust enrichment. *Id*. at PageID.13-14, 17-18. Nowhere in its 85-paragraph Complaint does Nano Magic establish that this Court has personal jurisdiction over Hilco Vision.

Hilco Vision is a limited liability company formed under the laws of Delaware with its principal place of business in Massachusetts. **Ex. A** at ¶ 3. Hilco Vision has never and does not currently use Michigan as its primary place of business. *Id.* at ¶ 4. Hilco Vision did not consent to the jurisdiction of Michigan in the LOI with Nano Magic. *Id.* at ¶ 5. In fact, the LOI includes a Massachusetts choice-of-law provision. *Id.* at ¶ 18. Hilco Vision has no office nor employees in Michigan. *Id.* at ¶¶ 7-8.

Hilco Vision did not transact business in Michigan with Nano Magic and its acts were directed from Massachusetts. *Id.* at ¶ 9. Hilco Vision does not have any of the relationships outlined in Michigan's specific jurisdiction long-arm statute. *See* MCL § 600.715; **Ex. A** at ¶¶ 9-13. Hilco Vision did not initiate the potential acquisition—Nano Magic pitched the idea. *Id.* at ¶ 15. That outreach itself did not happen in Michigan. *Id.*

As is evident, Nano Magic's case lacks the facts needed to support the exercise of personal jurisdiction over Hilco Vision.

## III. LEGAL STANDARD

Hilco Vision brings this Motion under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. As the party asserting jurisdiction over the defendant, "the plaintiff always bears the burden of establishing that jurisdiction exists." *Orleans*, 615 F. Supp. 3d at 645 (quoting *Serras v. First Tenn. Bank Nat'l Assoc.*, 875 F.2d 1212, 1214 (6th Cir. 1989)).

In a diversity case, "a federal court may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Carbone v. Kaal*, 140 F.4th 805, 809 (6th Cir. 2025) (quoting *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021)). The exercise of personal jurisdiction in this instance "must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Id.*

(quoting *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014)).

Due process requires that Hilco Vision, as a nonresident defendant, "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Navajo Transitional Energy Co. v. First Nat'l Cap., LLC*, No. 2:23-CV-12200-TGB-CI, PageID.149 (E.D. Mich. Jul. 2, 2024) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). *See also McGill Tech. Ltd. v. Gourmet Techs., Inc.*, 300 F. Supp. 2d 501, 504 (E.D. Mich. 2004). The minimum contacts analysis "protects the defendant against the burdens of litigating in a distant or inconvenient forum" and "acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Personal jurisdiction over Hilco Vision is neither authorized by Michigan law nor in accordance with the Due Process Clause of the Fourteenth Amendment.

## IV. ARGUMENT

Personal jurisdiction over a defendant may be established by way of general jurisdiction or specific jurisdiction. The Court reviews Michigan's long-arm statutes and then independently determines whether exercising jurisdiction comports with due process. Nano Magic's Complaint must be dismissed under Federal Rule of

Civil Procedure 12(b)(2) because it fails to allege any facts that would establish general or specific personal jurisdiction over Hilco Vision.

### A. Hilco Vision Is Not Subject to General Jurisdiction in Michigan

#### *1. Michigan's General Jurisdiction Long-Arm Statute*

As to general jurisdiction, Michigan's long-arm statute provides:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.
>
> (1) Incorporation [or formation] under the laws of this state.
>
> (2) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.
>
> (3) The carrying on of a continuous and systematic part of its general business within the state.

Mich. Comp. Laws § 600.711.[1]

Hilco Vision was formed in Delaware and has its principal place of business in Massachusetts. **Ex. A** at ¶ 3. Hilco Vision has never used Michigan as its primary place of business, has no offices in Michigan, and has zero employees in Michigan.

---

[1] While there is no Michigan long-arm statute expressly addressing limited liability companies, "the personal jurisdiction rules governing corporations generally have been applied to limited liability companies as well." *Magna Powertrain De Mexico S.A. De C.V. v. Momentive Performance Materials USA LLC*, 192 F. Supp. 3d 824, 828 (E.D. Mich. 2016). *See also Navajo*, No. 2:23-CV-12200-TGB-CI, PageID.146-147 ("Because Michigan has no long arm statute specifically addressing personal jurisdiction over limited liability companies, courts apply the rules governing corporations."); *Id.* (regarding "formation" of an LLC).

*Id.* at ¶¶ 4, 7-8. Hilco Vision was not served with this lawsuit in Michigan. *Id.* at ¶ 26. Hilco Vision did not consent to the jurisdiction of Michigan in the LOI with Nano Magic. *Id.* at ¶ 5. There is no evidence that Hilco Vision has carried on a substantial, continuous, and systematic part of its general business within Michigan. *Id.* at ¶ 6. In sum, Michigan's general jurisdiction long-arm statute does not extend to Hilco Vision.

### *2. Due Process Precludes General Jurisdiction*

Even if the long-arm statute extended to Hilco Vision, which it does not, due process would preclude general jurisdiction in this case. Due process provides that a court may exercise general jurisdiction only when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Orleans*, 615 F. Supp. 3d at 645–46 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Hilco Vision is not at home in Michigan. General jurisdiction would only be proper in the "exceptional case" where Hilco Vision's "operations in [Michigan] 'may be so substantial and of such a nature as to render [Hilco Vision] at home in [Michigan].'" *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 403 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139, n. 19 (2014)). Nano Magic has not and cannot meet this burden. Nano Magic's only allegation in the Complaint regarding jurisdiction is conclusory. *See* ECF No. 1, PageID.1 (Hilco Vision "at all relevant

times has engaged in transactions and maintains substantial contacts in the Eastern District of Michigan in Oakland County, Michigan.")

Hilco Vision entirely lacks the substantial connections to Michigan it would need to be subject to general jurisdiction in this forum.

### B. Hilco Vision Is Not Subject to Specific Jurisdiction in Michigan

#### *1. Michigan's Specific Jurisdiction Long-Arm Statute*

As to specific jurisdiction, Michigan's long-arm statute provides:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships.
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

Mich. Comp. Laws § 600.715.

Nano Magic does not assert that Hilco Vision has any of these types of relationships in Michigan. Hilco Vision has not: (1) transacted business in Michigan with Nano Magic; (2) caused an act to be done or consequences to occur in Michigan

resulting in an action for tort; (3) owned, used, or possessed any real or tangible personal property in Michigan; (4) insured any person, property, or risk in Michigan; or (5) entered into a contract with Nano Magic for services to be rendered or for materials to be furnished in Michigan. **Ex. A** at ¶¶ 9-13. Hilco Vision never intended to operate any of Nano Magic's facilities in Michigan. *Id.* at ¶ 20.

None of the relationships set forth in MCL § 600.715 exist to create a sufficient basis for specific jurisdiction. Even if this long-arm statute applied to Hilco Vision, due process protects Hilco Vision from jurisdiction in Michigan.

#### *2. Due Process Precludes Specific Jurisdiction*

For specific jurisdiction to apply, due process requires Nano Magic to show that: (1) Hilco Vision purposefully availed itself "of the privilege of acting in [Michigan] or causing a consequence in [Michigan]"; (2) "the cause of action arises from [Hilco Vision's] activities in the forum State"; and (3) "[Hilco Vision's] actions, or the consequences caused by [Hilco Vision's] actions, created a 'substantial enough connection' between [Hilco Vision] and [Michigan] 'to make the exercise of jurisdiction ... reasonable.'" *Orleans*, 615 F. Supp. 3d at 646 (quoting *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–50 (6th Cir. 2016)).

To establish jurisdiction, all three of these requirements must be met. *See LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989) ("[E]ach criterion represents an independent requirement, and failure to meet any one of the

three means that personal jurisdiction may not be invoked.") As discussed below, Nano Magic cannot establish any of these three requirements.

a. Hilco Vision Did Not Purposefully Avail Itself in Michigan

"'Purposeful availment' ... is present where the defendant's contacts with the forum [S]tate 'proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum [S]tate.'" *Orleans*, 615 F. Supp. 3d at 646 (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002)). "Purposeful availment requires that a defendant create 'continuous and substantial consequences' in the forum State." *Id.* at 647 (quoting *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000)). Hilco Vision cannot be haled into Michigan solely as a result of "random," "fortuitous," or "attenuated contacts." *Id.* at 646.

Like the defendant in *LAK*, Hilco Vision did not reach into Michigan to purposefully avail itself here—it was Nano Magic that initiated the potential transaction with Hilco Vision at the Vision Council Executive Summit in Naples, Florida. **Ex. A** at ¶ 15. In *LAK*, a Michigan corporation sued an Indiana general partnership, Deer Creek, for breach of a real estate contract. 885 F.2d at 1300. Deer Creek argued there was no personal jurisdiction over it in Michigan. *Id.* The Court agreed, finding the following facts relevant: the plaintiff initiated the transaction with an "unsolicited inquiry" (*id.* at 1294); Deer Creek never advertised its business

for sale in Michigan and had no program to seek prospective buyers in Michigan (*id.* at 1300); the purchase agreement had a Florida choice-of-law provision (*id.* at 1295); Deer Creek signed the purchase agreement in Indiana (*id.* at 1300); and Deer Creek had no "continuing interest in profiting from the [Michigan] market" (*id.* at 1302).

Similar facts exist here: Nano Magic reached out, unsolicited and in the State of Florida, to Hilco Vision about a potential acquisition; Hilco Vision did not advertise any wish to acquire a complementary business in Michigan; the LOI has a Massachusetts choice-of-law provision;[2] Hilco Vision signed the LOI in Massachusetts; and Hilco Vision had no continuing interest in the Michigan market. The LOI does not identify Michigan as the place of formation. And Nano Magic does not dispute that Massachusetts law applies under the LOI. *See* ECF No. 1, PageID.15.

Nano Magic's own performance in Michigan (winding down, exiting its lease, transitioning inventory) does not create contacts *for Hilco Vision* in Michigan. Under the purposeful availment doctrine, a plaintiff's unilateral activity cannot give rise to jurisdiction over the defendant. *LAK*, 885 F.2d at 1305 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984)). And a proposed business relationship between Hilco Vision

---

[2] A choice-of-law provision should not be ignored when assessing whether there is personal jurisdiction. *LAK*, 885 F.2d at 1295.

and Nano Magic does not "automatically establish minimum contacts" either. *Orleans*, 615 F. Supp. 3d at 647.

Hilco Vision's LOI with Nano Magic specified the application of Massachusetts law. A choice-of-law provision can "reinforce [a] deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985)). Even in cases where an agreement was governed by Michigan law, this Court has found a lack of personal jurisdiction. *See Navajo*, No. 2:23-CV-12200-TGB-CI, PageID.148. Hilco Vision did not anticipate litigation in Michigan and did not purposefully avail itself here.

b. <u>The Causes of Action Do Not Arise From Hilco Vision's Activities in Michigan</u>

This dispute centers on performance under the LOI. The LOI outlines a "proposed transaction" involving Hilco Vision's potential ownership of certain Nano Magic intellectual property. *See* ECF No. 1-2, PageID.26. The performance obligations ran *from* Hilco Vision in Massachusetts, not *in* Michigan. Under the LOI, Hilco Vision was to consider a proposed transaction to manufacture, package, and fulfill orders. *Id.* But none of those activities were to occur in Michigan. Hilco Vision intended to transfer Nano Magic's customers, purchase some inventories, and potentially acquire some pieces of equipment from Nano Magic to use at Hilco

Vision's manufacturing and distribution facility in Fairfield, Ohio. **Ex. A** at ¶ 19. The LOI supports this, stating specifically that with respect to any applicable inventory, Hilco would handle relocation. *See* ECF No. 1-2, PageID.26. Put simply, performance flows away from Michigan. At no point did Hilco Vision intend to establish its roots in Michigan.

After entering the LOI with Nano Magic, Hilco Vision did not perform any activities under the LOI in Michigan. **Ex. A** at ¶ 21. Nano Magic would need to demonstrate that its specific claims flowed directly from Hilco Vision's conduct, which they do not. Hilco Vision never traveled into Michigan in connection with its performance under the terms of the LOI. *Id.* at ¶ 24. And Hilco Vision's termination letter to Nano Magic was sent from its Massachusetts principal place of business. *Id.* at ¶ 25; ECF No. 1-3, PageID.29. The LOI envisioned an actual binding agreement and that never happened and the parties never did business together or executed on anything they "intended" through the LOI.

It is also not enough to show that Nano Magic experienced a loss in Michigan. "[T]he proper question is not where the plaintiff experienced a particular injury or effect[,] but whether the defendant's conduct connects him to the forum in a meaningful way." *Orleans*, 615 F. Supp. 3d at 648 (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014)). "[T]he mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize

jurisdiction." *Id.* Nano Magic's claims do not arise from Hilco Vision's activities in Michigan.

c. <u>There Is no Substantial Connection to Make the Exercise of Jurisdiction Reasonable</u>

The third and final prong of specific jurisdiction focuses on reasonableness and looks at "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Orleans*, 615 F. Supp. 3d at 648 (quoting *Walden*, 571 U.S. at 285). And while entering a contractual relationship that "envisioned continuing and wide-reaching contacts" (*id.* (quoting *Burger King*, 471 U.S. at 479–80)) could establish this prong, that is not what happened here. Nano Magic has alleged no facts to show that Hilco Vision intended continuing or wide-reaching contacts with Michigan. Rather, Hilco Vision's business model involved acquiring complementary businesses, like Nano Magic.

Like the defendant in *LAK*, exercising personal jurisdiction over Hilco Vision would not be reasonable. 885 F.2d at 1305. In *LAK*, the plaintiff suggested it would be "reasonable for the Michigan courts to exercise jurisdiction here because defendant Deer Creek was a 'sophisticated business entity' that 'stood to profit handsomely' from its transaction with the Michigan company." *Id.* "But the case law is quite clear that when the world beats a path to the door of one who has a better mousetrap for sale, the mousetrap seller, even if 'sophisticated,' does not

automatically subject himself to suit in every part of the world from which mousetrap buyers chance to come." *Id.*

This rationale is applicable here. Hilco Vision did not subject itself to a lawsuit in Michigan just because an interested Michigan party wanted to be acquired. Litigating in Michigan would create a substantial burden for Hilco Vision. Witnesses and key documents are located outside of Michigan. There is no substantial interest in adjudicating a dispute in Michigan between parties for work directed outside of Michigan. Massachusetts has a stronger interest—the LOI is governed by Massachusetts law. Exercising jurisdiction over Hilco Vision in Michigan would be unreasonable.

## V. CONCLUSION

This case does not belong in this Court. Nano Magic reached out to Hilco Vision in Florida to solicit it to do business from Massachusetts. Hilco Vision has no ties to Michigan and had zero contacts with Michigan in connection with the failed transaction with Nano Magic sufficient to confer jurisdiction. For these reasons, and those set forth above, Hilco Vision respectfully asks this Court to dismiss Nano Magic's Complaint with prejudice for lack of personal jurisdiction under Rule 12(b)(2).

Respectfully submitted,

HONIGMAN LLP

By: */s/ Jewel Haji Boelstler*
Jewel Haji Boelstler (P83741)
Jonathan H. Schwartz (P70819)
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7668
jboelstler@honigman.com
jonathan.schwartz@honigman.com

September 4, 2026

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on September 4, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Respectfully submitted,

HONIGMAN LLP

By: */s/ Jewel Haji Boelstler*
Jewel Haji Boelstler (P83741)

*Attorneys for Defendant*