# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NANO MAGIC, INC., a Michigan corporation,

Plaintiff,

vs.

THE HILSINGER COMPANY PARENT, LLC d/b/a HILCO VISION, a Massachusetts limited liability company.

Defendant.

Case No. 2:26-cv-12212
Hon. Terrence G. Berg
Magistrate Anthony P. Patti

---

## AFFIDAVIT OF JOHN LAKEY

I, JOHN LAKEY, being first duly sworn, state as follows:

1. I am over the age of 18 and make this affidavit based on my own personal knowledge and am competent to testify about the matters discussed below. I hereby attest that the following facts are true and accurate to the best of my knowledge.

2. I am currently the Chief Executive Officer of The Hilsinger Company Parent, LLC d/b/a Hilco Vision ("Hilco Vision"). I am personally familiar with Hilco Vision's organization and operations.

3. Hilco Vision is a limited liability company formed under the laws of Delaware with its principal place of business at 575 West Street, Suite 120, Mansfield, Massachusetts 02048.

4. Hilco Vision has never and does not currently use Michigan as its primary place of business.

5. Hilco Vision did not consent to the jurisdiction of Michigan in the Letter of Intent with Nano Magic.

6. Hilco Vision does not carry on a substantial, continuous, and systematic part of its general business within Michigan.

7. Hilco Vision does not have an office in Michigan and did not have an office in Michigan at any time relevant to this dispute.

8. Hilco Vision has no employees in Michigan.

9. Hilco Vision did not transact business in Michigan with Nano Magic and its acts were directed from Massachusetts.

10. Hilco Vision has not caused an act to be done or consequences to occur in Michigan resulting in an action for tort.

11. Hilco Vision does not own, use, or possess any real or tangible personal property in Michigan.

12. Hilco Vision is not an insurer and has not insured any person, property, or risk in Michigan.

13. No part of the transactions or occurrences described in the Complaint and involving Hilco Vision occurred in Michigan.

14. Hilco Vision does not have any bank accounts in Michigan.

15. In January 2024, Nano Magic's CEO, Tom Berman, initiated discussions with me and then Hilco Vision CEO, Ross Brownlee, at a Vision Council Executive Summit in Naples, Florida to pitch the idea of Hilco Vision acquiring or manufacturing for Nano Magic.

16. Hilco Vision's business model involved acquiring complementary businesses, which Nano Magic was interested in.

17. Nano Magic's CEO, Tom Berman, and Hilco Vision's then CEO, Girisha Chandrajaj, entered a Letter of Intent on March 13, 2026 outlining a proposed transfer of customers.

18. The Letter of Intent includes a Massachusetts choice-of-law provision.

19. Hilco Vision intended to transfer Nano Magic's customers, purchase some inventories, and potentially acquire some pieces of equipment from Nano Magic to use at Hilco Vision's manufacturing and distribution facility in Fairfield, Ohio.

20. Hilco Vision never intended to continue Nano Magic's operations in Michigan.

21. After entering the Letter of Intent with Nano Magic, Hilco Vision never conducted any activities in Michigan.

22. Girisha Chandrajaj never met Tom Berman in Michigan.

23. Girisha Chandrajaj was not in Michigan when he signed the Letter of Intent.

24. Hilco Vision never traveled to Michigan in connection with its performance under the terms of the Letter of Intent.

25. Hilco Vision's termination letter to Nano Magic was sent from its Massachusetts principal place of business.

26. Hilco Vision was not served with this lawsuit in Michigan.

FURTHER AFFIANT SAYETH NOT.

[signature]
John Lakey

Subscribed and sworn to before
me this 3rd day of September, 2026
[signature] Katelyn Enman-Salotto
Notary Public, Bristol County, MA
My Commission Expires: 08/21/2031

KATELYN ENMAN-SALOTTO
MY COMMISSION EXPIRES AUG. 21, 2031
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS